## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:12-cv-127-RJC

| | | |
|---|---|---|
| DENNIS VANDYKE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BROUGHTON HOSPITAL | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed

Without Prepayment of Fees or Costs, (Doc. No. 1-1), and a review of Plaintiff's Complaint,

filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. §§ 1915; 1915A.

Plaintiff is currently a prisoner incarcerated in the Rutherford County Jail. The Court

notes that Plaintiff is a frequent, if not record, filer of pro se lawsuits in this district. A review of

Plaintiff's history within this district reveals he has filed no less than twenty-three (23) lawsuits

in this court, at least fifteen (15) of which were complaints filed under 42 U.S.C. § 1983, with

fifteen (15) accompanying applications to proceed *in forma pauperis*. On August 1, 2006, the

Honorable Graham C. Mullen provided an overview of Plaintiff's allegations in eight (8) of

these complaints and made the following findings and warning in an order granting defendants'

motion for summary judgment:

> On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this
> Court's time and resources. All five of those Complaints were dismissed on
> initial review for failure to state a claim for relief, frivolousness, or failure to file
> in the proper district. Plaintiff's frequent filings are abusive in that they each
> require significant time and attention from the Court's legal staff that could be
> better served on cases that state legitimate constitutional violations. Plaintiff is
> put on notice that because he has had at least three cases dismissed, in this district

alone, as frivolous or for failure to state a claim upon which relief may be
granted, <u>he may not file future civil actions or appeal a judgment in a civil
proceeding under 28 U.S.C. § 1915 in any federal district</u> unless he is under
imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

(Case No. 1:05-cv-357, Doc. No. 31 at 4) (emphasis in original).  Plaintiff appealed, and the

United States Court of Appeals for the Fourth Circuit affirmed summary judgment for the

defendants for the reasons stated in Judge Mullen's Order.  <u>VanDyke v. Officer O'Donnell, et

al.</u>, No. 06-7454 (4th Cir. Mar. 27, 2007); (Case No. 1:05-cv-357, Doc. No. 39).

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of

this Court's initial review of Plaintiff's Complaint.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574,

596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")).  Section 1915(g)

provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil
action or proceeding under this section if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any facility, brought an action or
appeal in a court of the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of serious physical injury.

At least three of Plaintiff's previous complaints were dismissed on the grounds that they were

frivolous or failed to state a claim upon which relief may be granted.  <u>See, e.g.</u>, (Case Nos. 1:05-

cv-357-GCM; 1:06-cv-172-GCM; 1:06-cv-200-GCM; 1:12-cv-113-RJC).

This Court has examined Plaintiff's Complaint, (Doc. No. 1), and finds that Plaintiff's

Complaint fails to demonstrate that he "is under imminent danger of serious physical injury" as

required by § 1915(g) of the PLRA.  In this action, filed on June 6, 2012, Plaintiff has named the

following persons and entities as Defendants: Broughton Hospital Administration, Rutherford

County Detention Center Administrator, Clerk of Court for Rutherford County, North Carolina

Attorney General, Grand Prairie TX Detention Center Administrator, and the Rutherford County

Sheriff's Department.  Plaintiff complains that he was never credited for 46 days that he was "incarcerated" at Broughton Mental Hospital in 2005.  (Doc. No. 1 at 5).  Plaintiff is subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee and is not under imminent danger of serious physical injury.  While the Clerk of Court correctly found that Plaintiff could not afford to prepay the fees and costs in this action, see (Doc. No. 3), pursuant to 28 U.S.C. § 1915(g), Plaintiff's Application to Proceed *in forma pauperis* must be **DENIED**.  This Court will **DISMISS** Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the filing fee.

        **IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Application to Proceed *in forma pauperis,* (Doc. No. 1-1), is **DENIED**;

2.      Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge